IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,107-03






EX PARTE DAVE LAMON ADAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1039218-B IN THE 177TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to thirty years' imprisonment. The First Court of Appeals affirmed his
conviction. Adams v. State, No. 01-05-01017-CR (Tex. App. - Houston [1st Dist.] November 30,
2006, pet ref'd).

 On July 1, 2009, this Court remanded this case to the trial court to obtain findings of fact and
affidavits addressing Applicant's ineffective assistance of trial counsel claims. The trial court
apparently appointed attorney Kennitra M. Foote to represent Applicant on the writ application while
it was on remand. Attorney Foote filed a motion to dismiss the writ application on December 1, 2009,
which the trial court signed on December 2, 2009. This Court received the motion to dismiss
Applicant's writ application on December 10, 2009. However, on December 28, 2009, this Court
received a pro se motion signed by Applicant on December 21, 2009, requesting that an evidentiary
hearing be held on his pending writ application. Based on this filing, it appears that Applicant is not
aware that a motion to dismiss the writ application was filed on his behalf. 

 The trial court shall determine whether Applicant wants to withdraw his pending writ
application. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant wants to withdraw his writ
application. If Applicant does not desire to withdraw the writ application, then this Court's previous
remand order will continue to be in effect. This writ application will be held in abeyance until the
trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If
any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. 
A supplemental transcript containing all affidavits and interrogatories and the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: January 27, 2010

Do not publish